IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, | ) ) ) | |
| FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND, | ) ) ) ) | |
| LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, | ) ) ) ) | |
| | ) | CIVIL ACTION |
| OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL NO. 11, | ) ) ) ) | NO. 19 C 6188 |
| | ) | JUDGE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| SUBURBAN CONCRETE, INC., an Illinois corporation, | ) ) ) ) | |
| JOHN S. LEVERICK, an individual, | ) ) | |
| Defendants. | ) | |

**COMPLAINT**

The Plaintiffs, FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND and LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND ("Funds"), and OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION, LOCAL NO. 11 ("Union"), by their attorneys, complaining of the Defendants, SUBURBAN CONCRETE, INC., an Illinois corporation, and JOHN S. LEVERICK, an individual, allege as follows:

## COUNT I

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, the FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND and LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds," and "plans," under ERISA. Plaintiff Funds are administered within this District.

3. SUBURBAN CONCRETE, INC., an Illinois corporation ("Suburban") is obligated to make fringe benefit contributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust," establishing and outlining the administration of these Funds, and pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant.

4. Upon information and belief, Defendant, JOHN S. LEVERICK, an individual ("Leverick"), was an officer of Suburban and was authorized and competent to sign the Memorandum of Agreement on behalf of Suburban and himself.

5. As an employer obligated to make fringe benefit contributions to the Funds, Suburban is specifically required to do the following:

 (a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

 (b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

 (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

 (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

 (e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

 (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

 (g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

 6. Suburban is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respect:

  Defendant has failed to make payment of contributions, liquidated damages, accrued interest and audit fees based upon an audit of the Suburban's payroll records showing Suburban to have been delinquent in the payment of contributions and to have reported hours worked by its employees incorrectly to Plaintiffs.

 7. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Suburban, there is a total of $6,579.26, known to be due

3

Plaintiffs from subject however to the possibility that additional monies may be due Plaintiffs from Suburban based upon Suburban's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

8. Plaintiffs have requested that Suburban perform its obligations as aforesaid, but Suburban has failed and refused to so perform.

9. Suburban's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That an account be taken as to all employees of Suburban covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B) That Suburban be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C) That judgment be entered in favor of Plaintiffs and against Suburban for all unpaid contributions, liquidated damages, any costs of auditing Suburban's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Suburban's cost.

## COUNT II
### (Against Defendant, John S. Leverick, an Individual)

10. Plaintiffs hereby reallege and incorporate herein Paragraphs 1 through 9 of Count I as Paragraphs 1-9 of Count II.

11. This Count is brought under the laws of the United States pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. Alternatively, this Count is brought under the laws of the State of Illinois for breach of contract. Supplemental Federal jurisdiction would then be proper as this claim is "so related" to the claims in Count I that it forms "part of the same case or controversy." 28 U.S.C. §1367.

12. Paragraph 8 of the Memorandum of Agreement (attached hereto) states:

> The individual signing this Agreement agrees to be personally, jointly and severally liable with the Employer for any failure to pay wages or contributions, or to accurately report hours to the fringe benefits funds as required by this Agreement.

13. Upon information and belief, the signature on the Memorandum of Agreement is that of Defendant Leverick.

14. Leverick was an officer of Suburban and was authorized and competent to sign the Memorandum of Agreement on behalf of Suburban and himself.

15. Pursuant to Paragraph 8 of the Memorandum of Agreement, Leverick agreed to be personally liable for any unpaid contributions due from Suburban in an amount to be determined.

5

WHEREFORE, Plaintiffs pray:

(A) That judgment be entered in favor of the Funds and against Leverick for any unpaid contributions, liquidated damages, accrued interest, and audit fees due from Suburban; and

(B) That the Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant Leverick's cost.

## COUNT III

16. This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. The rights asserted herein arise from the same series of transactions as Count I and there are common questions of law and facts to both Counts.

17. Plaintiff Union is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative, and is party to a certain collective bargaining agreement to which Defendant, Suburban, is also a party and to which Suburban has agreed to be bound.

18. Under the aforesaid collective bargaining agreement, Suburban has agreed to pay the wages and dues of employees represented by Plaintiff Union in collective bargaining.

19. Suburban has failed to pay the wages of its employees as required by the collective bargaining agreement, but has instead converted such monies to its own use.

20. The total amount of money that Plaintiff Union knows Defendant to have failed to pay its employees in violation of the collective bargaining agreement is $5,639.65.

21. Suburban's acts and omissions as described herein constitute a breach of the collective bargaining agreement and entitle Plaintiff Union to recover from Suburban all monies which Suburban was required to remit to Plaintiff Union's members and to Plaintiff Union for dues deducted from wages whether traceable or untraceable commingled with Suburban's assets, and further entitle Plaintiff Union to recover from Suburban its damages for breach of Suburban's obligations.

WHEREFORE, Plaintiff Union prays:

(A) That judgment be entered in its favor and against Suburban for all sums determined to be due from Suburban to Plaintiff Union;

(B) That Plaintiff Union recover from Suburban its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs;

(C) That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Suburban's cost.

/s/   Catherine M. Chapman

Catherine M. Chapman
Cecilia M. Scanlon
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6204026
Telephone:  (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com

I:\Fvcwj\Suburban Concrete\#28629\complaint.cmc.df.wpd